81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicholas N. FRUKTOW, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS HELICOPTER COMPANY; Bryan, Cave,
McPheeters & McRoberts; Kent Brockelman,
individually and as husband; Doe
Brockelman, individually and
as wife, Defendants-Appellees.
 No. 95-15921.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nicholas N. Fruktow appeals pro se the district court's summary judgment in favor of defendants in Fruktow's diversity action seeking to rescind a settlement agreement into which he entered with his former employer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Fruktow contends that the district court erred by granting summary judgment for the defendants because there is a genuine issue of material fact as to whether Fruktow was coerced and fraudulently induced into signing the settlement agreement. Fruktow also contends that a genuine issue of material fact exists as to whether he was competent to enter into the settlement agreement. These contentions lack merit.
 
 
 4
 Here, there are no genuine issues of material fact. Fruktow alleged in his first amended complaint that during the settlement negotiations on December 20, 1990 (1) Brockelman, attorney of record for McDonnell Douglas, represented to Fruktow that he would have twenty-four hours to withdraw from the agreement that he signed, (2) Brockelman coerced Fruktow into signing the agreement, and (3) Fruktow lacked the requisite mental capacity to enter into an agreement. In their answer, defendants denied these allegations.
 
 
 5
 In support of their motion for summary judgment, the defendants proffered evidence indicating that the parties did not agree upon a twenty-four hour withdrawal period, that Fruktow entered into the settlement agreement of his own free will, and that Fruktow had the requisite mental capacity to enter into the settlement agreement.
 
 
 6
 In support of his opposition motion, Fruktow failed to proffer any significant probative evidence to substantiate the allegations in his first amended complaint. Instead, Fruktow essentially rested on his pleadings. Thus, Fruktow failed to controvert the defendants' evidence as required under Rule 56.[1]
 
 
 7
 Because Fruktow failed to go "beyond the pleadings, and by [his] own affidavits, or by depositions, answers to interrogatories, or admissions on file designate specific facts showing there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted), the district court properly granted summary judgment for the defendants, see id. at 322 (where a party fails to make a showing sufficient to establish the existence of an essential element to that party's action, summary judgment shall be granted).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Fruktow's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Fruktow proffered several unauthenticated documents which tended to support Fruktow's claim that he suffers from a serious mental disorder, we agree with the district court that such evidence had limited probative value given the proximity of the dates of those documents relative to the date the settlement agreement was executed
 
 
 [2]
 The appellees' request for sanctions against appellant for filing a frivolous appeal is denied